| | | | |
|---|---|---|---|
| Case No. | SACV 16-02283 PA (JDE) | Date | April 26, 2017 |
| Title | Ilya Tseglin, et al., v. County of Orange, et al., | | |

**Present: The Honorable** John D. Early

| Ivette Gomez | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| n/a | n/a |

**Proceedings: (In Chambers)**  Order to Show Cause Why Case Should Not Be Dismissed for Failure to Serve Defendants and Comply With Court Order

## I.
## BACKGROUND

On October 31, 2016, Plaintiff Ilya Tseglin, Riva Tseglin and Robert Tseglin (collectively "Plaintiffs"), filed an Amended Complaint (the "Amended Complaint") in Orange County Superior Court, the caption of which alleges 30 separate causes of action, including claims for civil rights violations pursuant to 42 U.S.C. § 1983, as well as violations of the Americans with Disabilities Act, kidnapping, malicious prosecution, abuse of process, and other statutory, common law and constitutional claims against the County of Orange, the Irvine Police Department, unspecified "Paramedics," Detective Jonathan Sampson, Lieutenant Cathy Scherer, and DOES 1-50, stemming from allegations relating to the treatment of Plaintiffs and Plaintiffs' son/brother, who is an adult with autism, by defendants. (Dkt. No. 1 at Exh. B-18 to B-27).

On December 30, 2016, defendant the City of Irvine, erroneously sued as the Irvine Police Department ("City of Irvine") filed a Notice of Removal to this Court under 28 U.S.C. § 1331. ("the Notice of Removal," Dkt. No. 1). In the Notice of Removal, the City of Irvine noted that it "does not believe that any other Defendant has been served with Plaintiffs' amended complaint." (Id. at 2).

On January 6, 2017, Plaintiffs filed a Notice of Dismissal, dismissing the City of Irvine pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. As a result, as of January 6, 2017, no current defendant had been served with the operative Amended Complaint.

By Order dated January 13, 2017 ("the Order"), this Court ordered Plaintiffs to "promptly proceed with service of the summons and complaint on all named defendants," in compliance with Rule 4 of the Federal Rules of Civil Procedure ("Rule 4"). (Dkt. No. 8 at 1). The Order further

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-02283 PA (JDE) | Date | April 26, 2017 |
|---|---|---|---|
| Title | Ilya Tseglin, et al., v. County of Orange, et al., | | |

directed Plaintiffs to "file one copy of the proof of service showing compliance with this order within 90 days of filing the complaint, i.e., **no later than April 13, 2017**. Non-compliance with this paragraph may result in issuance of an order to show cause re dismissal for failure to prosecute." (Id.) Summonses were issued for all remaining named defendants on January 17, 2017. (Dkt. No. 9 (emphasis in original)).

As of the date of this Order, Plaintiffs have not filed any proofs of service nor sought leave for additional time to serve defendants or comply with the Order.

## II.
## DISCUSSION

Rule 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The burden of establishing good cause is on the plaintiff. Tucker v. City of Santa Monica, 2013 WL 653996 at *2 (C.D. Cal. Feb. 20, 2013)). The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." Id. (citations and quotations omitted); see also Townsel v. County of Contra Costa, 820 F.2d 319, 320–21 (9th Cir.1987) (ignorance of Rule 4 is not good cause for untimely service)).

In addition, Rule 41(b) of the Federal Rules of Civil Procedure authorizes dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Id. at 1440; see also Yourish v. California Amplifier, 191 F.3d 983, 991-92 (9th Cir. 1999) (affirming dismissal for failure to timely file an amended complaint, applying the five factors).

Here, Plaintiffs have not filed proofs of service in compliance with the Order, and it appears have failed to timely serve any current defendant within 90 days from the date the Complaint was filed, whether that date is measured from its filing in state court (October 31, 2016), the date of the Notice of Removal to this Court (December 30, 2016), the date of the Order commanding prompt service (January 13, 2017), or the date summons were issued by this Court (January 17, 2017). Plaintiffs did not seek additional time to effectuate service. Thus, Plaintiffs are in violation of Rule 4 as well as an Order of this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-02283 PA (JDE) | Date | April 26, 2017 |
|---|---|---|---|
| Title | Ilya Tseglin, et al., v. County of Orange, et al., | | |

### III.
### ORDER

Plaintiffs are therefore ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice by filing a written response **by no later than May 10, 2017** which sets forth: (1) any claimed "good cause" for the apparent failure to timely serve the remaining defendants; and (2) any claimed "good cause" for Plaintiffs' failure to comply with the Order to file proofs of service by April 13, 2017.

Instead of filing a written response to the matters addressed in this Order, Plaintiffs may voluntarily dismiss the entire action by filing a Notice of Dismissal form pursuant to Rule 41 of the Federal Rules of Civil Procedure. The Clerk is directed to provide Plaintiffs with a blank Notice of Dismissal Form (CV-09).

**The Court warns Plaintiffs that failure to timely file a response to this Order may also result in the Court dismissing this action with prejudice as untimely and for failure to prosecute and comply with Court orders.** See Fed. R. Civ. P. 41(b)

|  | : |
|---|---|
| **Initials of Deputy Clerk** | ig |