UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-02283 PA (JDE) | Date | August 28, 2017 |
|---|---|---|---|
| Title | Ilya Tseglin, et al., v. County of Orange, et al., | | |

| **Present: The Honorable** | John D. Early | |
|---|---|---|
| Ivette Gomez | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| n/a | | n/a |

**Proceedings: (In Chambers)**   Order to Show Cause Why Case Should Not Be Dismissed

# I.
# BACKGROUND

On October 31, 2016, Plaintiff Ilya Tseglin, Riva Tseglin and Robert Tseglin (collectively "Plaintiffs"), filed an Amended Complaint (the "Amended Complaint") in Orange County Superior Court, the caption of which alleges 30 separate causes of action, including claims for civil rights violations pursuant to 42 U.S.C. § 1983, as well as violations of the Americans with Disabilities Act, kidnapping, malicious prosecution, abuse of process, and other statutory, common law and constitutional claims against the County of Orange, the Irvine Police Department, unspecified "Paramedics," Detective Jonathan Sampson, Lieutenant Cathy Scherer, and DOES 1-50, stemming from allegations relating to the treatment of Plaintiffs and Plaintiffs' son/brother, who is an adult with autism, by defendants. (Dkt. No. 1 at Exh. B-18 to B-27).

On December 30, 2016, defendant the City of Irvine, erroneously sued as the Irvine Police Department ("City of Irvine") filed a Notice of Removal to this Court under 28 U.S.C. § 1331. ("the Notice of Removal," Dkt. No. 1). In the Notice of Removal, the City of Irvine noted that it "does not believe that any other Defendant has been served with Plaintiffs' amended complaint." (Id. at 2).

On January 6, 2017, Plaintiffs filed a Notice of Dismissal, dismissing the City of Irvine pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. As a result, as of January 6, 2017, no current defendant had been served with the operative Amended Complaint.

By Order dated January 13, 2017 (the "January 13 Order"), this Court ordered Plaintiffs to "promptly proceed with service of the summons and complaint on all named defendants," in compliance with Rule 4 of the Federal Rules of Civil Procedure ("Rule 4"). (Dkt. No. 8 at 1). The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-02283 PA (JDE) | Date | August 28, 2017 |
|---|---|---|---|
| Title | Ilya Tseglin, et al., v. County of Orange, et al., | | |

January 13 Order further directed Plaintiffs to "file one copy of the proof of service showing compliance with this order within 90 days of filing the complaint, i.e., **no later than April 13, 2017**. Non-compliance with this paragraph may result in issuance of an order to show cause re dismissal for failure to prosecute." (Id. (emphasis in original)). On January 17, 2017, a summons was issued on behalf of Plaintiffs directed to defendant County of Orange. (Dkt. 9).

Noting that the Plaintiffs had not complied with the January 13 Order, this Court issued an Order to Show Cause (the "OSC") on April 26, 2017 (Dkt. 11) directing that Plaintiffs show cause in writing by no later than May 10, 2017 why the case should not be dismissed for failure to serve process and comply with the January 13 Order, including a description of any claimed "good cause" for the failures.

On May 5, 2017, new summonses were issued directed to defendants Detective Jonathan Sampson, Lieutenant Cathy Scherer, "Paramedics," and "County of Orange." (Dkt. 12-15).

On May 9, 2017, Plaintiff Robert Tseglin filed a document entitled "Declaration of Explanation of Cause for Failure to serve Defendants and Comply with Court Order." (Dkt. 16, "Robert Tseglin Declaration"). The Robert Tseglin Declaration stated the summons issued on January 17, 2017 "only included the County of Orange" and did not include any addresses for the defendants; nonetheless, "summonses for the remaining defendants were able to be successfully prepared and issued with the assumed addresses of the defendants." (Id. at 2). The Robert Tseglin Declaration attested that "copies of the complaint are pending service" and proofs of service "are expected to be filed promptly." (Id. at 3). The Robert Tseglin Declaration thereafter requested that the "time for filing Proofs of Service should be extended by at least another Month." (Id.).

On May 10, 2017, Plaintiff Ilya Tseglin filed four proofs of service directed to, respectively, defendants Detective Jonathan Sampson, Lieutenant Cathy Scherer, "Paramedics," and "County of Orange." (Dkt. 17-20). Other than the identity and address of the party served and the attachments, the four proofs of service are substantially identical, using the same California Judicial Council Form POS-010, checking the same box regarding the purported manner of service ("by mail and acknowledgement of receipt of service" under California Code of Civil Procedure § 415.30, and attested to by the same person – Mackenzie Fulljames – who is not a process server. (See Dkt. 17 at 1-2; 18 at 1-2; 19 at 1-2; 20 at 1-2). The addresses of the service for both Defendant Detective Sampson and Defendant Lieutenant Scherer is "1 Civic Center Plaza, Irvine, CA 92606." (Dkt. 17 at 1 and 18 at 1). The proof of service for "Paramedics" indicates that it was served on a person other than the party identified, on behalf of the party or as an authorized agent for the party, identified as "Orange County Fire Authority," located at 1 Fire Authority Road, Irvine, CA 92602. (Dkt. 19 at 1). The proof of service for "County of Orange" indicates that it was served on a person other than the party identified, on behalf of the party or as an authorized agent for the party, identified as "Orange County Counsel," located at 333 West Santa Ana Boulevard, #407, Santa Ana, CA 92702-1379. (Dkt. 20 at 1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-02283 PA (JDE) | Date | August 28, 2017 |
|---|---|---|---|
| Title | Ilya Tseglin, et al., v. County of Orange, et al., | | |

No further filings have been made by any party in the case since the May 10, 2017 filing of the proofs of service.

## II.
## DISCUSSION

Rule 4 of the Federal Rules of Civil Procedure ("Rule 4"), subsection (c), provides that, in a federal civil case, the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Further, unless service is waived, proofs of service must be provided to the Court in an appropriate form. Fed. R. Civ. P. 4(l).

Rule 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The burden of establishing good cause is on the plaintiff. Tucker v. City of Santa Monica, 2013 WL 653996 at *2 (C.D. Cal. Feb. 20, 2013)). The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." Id. (citations and quotations omitted); see also Townsel v. County of Contra Costa, 820 F.2d 319, 320–21 (9th Cir.1987) (ignorance of Rule 4 is not good cause for untimely service)).

In addition, Rule 41(b) of the Federal Rules of Civil Procedure authorizes dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Id. at 1440; see also Yourish v. California Amplifier, 191 F.3d 983, 991-92 (9th Cir. 1999) (affirming dismissal for failure to timely file an amended complaint, applying the five factors).

Under Rule 4(e)(1)(A), an individual defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." When serving a state or local government entity, Rule 4(j)(2) provides that service may only be effectuated by (A) delivering a copy of the summons and of the complaint to [the governmental entity's] chief executive officer; or (B) serving a copy of each in the manner prescribed by the state's law for serving a summons or like process on such a defendant."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-02283 PA (JDE) | Date | August 28, 2017 |
|---|---|---|---|
| Title | Ilya Tseglin, et al., v. County of Orange, et al., | | |

California Code of Civil Procedure Section 415.30 ("Section 415.30") authorizes service of process by mail and acknowledgment, that is, by the serving party mailing a copy of the summons and complaint and two copies of a notice and acknowledgment form, along with a return envelope, postage prepaid, to the defendant, and the defendant returning the signed acknowledgment to the sender. Pursuant to Section 415.30(c): "Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment is returned to the sender." If the person to be served fails to complete and return the written acknowledgement of receipt of summons, there has been no effective service. Thierfeldt v. Marin Hosp. Dist., 35 Cal. App. 3d 186, 199 (1973) (holding that if the party to whom a summons and complaint are mailed fails to execute and return an acknowledgement of service, "there is no effective service").

Here, Plaintiffs apparently still have not properly served any remaining defendant with process, nor have they shown good cause for their failure to do so. The "proofs of service" (Dkt. 17-20) filed by Plaintiffs do not, in fact, prove that valid service has taken place on any defendant. The proofs purport to rely upon the "mail and acknowledgement" procedures of Section 415.30. However, as noted above, if the defendant to whom the materials are mailed does not sign and return the written acknowledgement, service has not been effectuated. Here, Plaintiffs have not filed such an acknowledgement, nor have Plaintiffs filed any notice that such acknowledgement has been received. Thus, it appears no defendant has yet been properly served.

In addition, the Court finds that "explanation" contained in the Robert Tseglin Declaration does not show good cause for Plaintiffs failure to serve the defendants. The Robert Tseglin Declaration's implication that the summons issued on January 17, 2017 which "only included the County of Orange," justifies the lack of service – on any defendant – for the ensuring four months ignores the facts that: (i) Rule 4(b) provides that it was the obligation of the Plaintiffs to present proper summonses "properly completed" to the Clerk of the Court for issuance; and (ii) Rule 4(c) provides that it is again the obligation Plaintiffs to properly and timely serve the defendants. Furthermore, regardless of any issues with other defendants, Plaintiffs had a summons directed to the County of Orange since January 17, 2017 and took no steps to serve it until May 10, 2017. And lastly, as noted, Plaintiffs still have not validly served any defendant.

Thus, 270 days after this case was removed, the Court finds that Plaintiffs still have not submitted proof that they have validly served any remaining defendant, nor have Plaintiffs shown good cause for their failure to do so. As a result, Plaintiffs are not in violation of Rule 4, the January 13 Order of this Court, and the April 26, 2017 OSC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-02283 PA (JDE) | Date | August 28, 2017 |
|---|---|---|---|
| Title | Ilya Tseglin, et al., v. County of Orange, et al., | | |

### III.
### ORDER

      Plaintiffs are therefore ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice by filing a written response **by no later than September 12, 2017** which sets forth good cause as to why Plaintiffs have failed to comply with the requirements of Rule 4 and two Orders of this Court.

      Instead of filing a written response to the matters addressed in this Order, Plaintiffs may voluntarily dismiss the entire action by filing a Notice of Dismissal form pursuant to Rule 41 of the Federal Rules of Civil Procedure. The Clerk is directed to provide Plaintiffs with a blank Notice of Dismissal Form (CV-09).

      The Court warns Plaintiffs that failure to timely file a response to this Order may also result in the Court dismissing this action with prejudice as untimely and for failure to prosecute and comply with Court orders. See Fed. R. Civ. P. 41(b)

Initials of Courtroom Deputy    ig